Justice PLEICONES.
I concur in part and dissent in part. I agree with the majority that the Court of Appeals’ mandate was improper. I dissent, however, from the majority’s decision on the merits of the suppression ruling itself, and would reverse the trial court’s denial of that motion. Accordingly, I would reverse petitioner-respondent’s (Bruce) murder conviction and sentence and remand for a new trial. In order to explain my *512 decision, I find it necessary to review, in detail, both the trial record, the issue on direct appeal, and the petitions for rehearing in the Court of Appeals.
The critical issue, in my view, is the scope of Bruce’s consent to search, and I begin with a review of the actual words spoken. An officer testified that “[w]e first asked [Bruce] if we could come inside and take a quick look and make sure that [the victim] wasn’t inside, and he gave us permission to come in and take a look.” The officer testified the searchers observed car keys “consistent to the [victim’s] vehicle outside” and a cell phone on a table, and that another officer “picked up the car keys and went out to the vehicle” with Bruce and the testifying officer following him. The officer testified that the other officer “attempted to open [the car’s] trunk,” and at that juncture, was interrupted by Bruce’s attorney’s objection. At the suppression hearing that followed, Bruce’s attorney argued “there was no search warrant and no consent to search the vehicle ... they took the keys out of the house [without] permission ... they were just picked up by the police, whisked outside, and the car attempted to be opened at that point.” He sought to suppress the body found in the trunk, arguing that the seizure of the keys and the search of the car were beyond the scope of Bruce’s consent. The State responded by referencing a different officer’s testimony from “yesterday” to the effect that Bruce showed the officer which remote button to use on the key fob to open the trunk. From this representation, the judge ruled that the body would have been inevitably discovered and denied Bruce’s motion to suppress.
The record reveals that the only testimony the previous day was taken at the pretrial Jackson v. Denno[4] hearing held following Bruce’s motion to suppress his oral statements made to police officers. Prior to hearing that motion, the parties agreed that the Fourth Amendment suppression issue would be taken up at trial. Assuming it was proper for the State to reference testimony from the Jackson v. Denno hearing at the Fourth Amendment suppression hearing, the officer’s testimony at the Jackson v. Denno hearing was:
Q. And did you have opportunity to look in a car?
*513 A. Yes, I did.
Q. And did you have the opportunity to open the trunk?
A. Yes, sir.
Q. Once the remote was activated and the trunk popped open, we discovered that there was a body in the trunk of the car.
In other words, there was no testimony of Bruce’s consent to seize the car keys or to search the trunk the “day before” at the Jackson v. Denno hearing.
On direct appeal, Bruce’s single issue asked whether the trial court erred in denying Bruce’s Fourth Amendment suppression motion “when the police took keys to the car from the residence without consent and without a search warrant.” The Court of Appeals accurately repeated the scope of Bruce’s consent, but then recited the trial testimony of three officers, all of whom testified after the suppression ruling. The Court of Appeals ultimately concluded that the circuit court’s inevitable discovery ruling was unsupported by evidence and also suffered from “inadequate findings,” and remanded the case to circuit court for “findings consistent with [its] opinion.”
On rehearing to the Court of Appeals, Bruce reminded the court that his argument went to the seizure of the keys without consent or a warrant, which he contended, rendered the search of the automobile trunk the fruit of the poisonous tree.[5] Further, he argued that the State should not be permitted to introduce new evidence on remand, and that on this record, the denial of his suppression motion was patent error. The State admitted that the solicitor was incorrect in representing that there was evidence of consent at the Jackson v. Denno hearing, but argued that the inevitable discovery ruling should have been affirmed because evidence introduced after the suppression hearing supported a finding that Bruce consented to opening the trunk.[6] The Court of Appeals denied the requests for rehearing.
*514 The issue which Bruce has presented throughout these proceedings is whether his consent to a search request by law enforcement to “come inside and take a quick look and make sure that [the victim] wasn’t inside” was sufficiently broad to permit the officers to seize the car keys. In my view, the majority elides this point by finding the scope of Bruce’s consent “to come inside” the apartment included consent to search the vehicle’s trunk. I cannot agree. See Walter v. United States, 447 U.S. 649, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980) (consent limited to scope of terms, e.g., consent to search garage does not implicitly authorize search of adjoining house). Further, I cannot agree with the majority that the burden is on the citizen to object to law enforcement’s violation of his Fourth Amendment rights rather than on law enforcement to respect them. In United States v. Jones, 356 F.3d 529 (4th Cir.2004), the court held that when a defendant “gives his general and unqualified consent for an officer to search a particular area, the officer does not need to return to ask for fresh consent to search a closed container located within that area.” Id. at 534. Obviously the car trunk was not within the apartment. In my opinion, the majority’s reliance on Jones is misplaced, especially in light of United States v. Neely, 564 F.3d 346 (4th Cir.2009). The Neely court held that while silence is indicative that consent extends to item in the area expressly consented to, consent to the search of a car trunk does not include the interior of the car itself. In my opinion, these decisions provide support for Bruce, not the State.
The seizure of the car keys exceeded the scope of Bruce’s consent, and there was nothing in evidence to support the trial court’s “inevitable discovery” ruling when made, much less to support the consent theory championed on appeal and on certiorari. In my opinion, the trial court erred in failing to grant Bruce’s motion to suppress, and nothing in our jurisprudence authorizes a remand to the circuit court to allow the State a “do-over.” Further, the State’s suggestion that Bruce may lack standing to contest the search of the victim’s automobile’s trunk ignores his argument. Bruce’s Fourth Amendment rights were violated by the unlawful seizure of the car keys from his home.
*515 I agree with the majority that the Court of Appeals erred in its mandate in this case. I respectfully dissent on the merits and would reverse the trial court’s denial of Bruce’s motion to suppress the body as the fruit of the poisonous tree. I would therefore reverse Bruce’s murder conviction and sentence and remand for a new trial. Of course, any evidentiary issue must be decided on the record made at that new proceeding. See, e.g. State v. Steadman, 216 S.C. 579, 59 S.E.2d 168 (1950) (at retrial “each party must offer his evidence anew, just as though there had been no previous trial; and when it is so offered it necessarily becomes subject to any legal objection which may be taken to it”).

. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

. See State’s pet. for rehearing at App. p. 15, citing ROA pp. 126-127, 145, 156-158, 168-169.